# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DUKE W. ZINSER, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:26-mc-29 |
| | § | Judge Mazzant |
| VIVINT, LLC and VIVINT, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Non-Party Cole Schotz P.C.'s Motion to Quash Non-Party Subpoena (Dkt. #5). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED in part and GRANTED in part.**

## BACKGROUND

The underlying case is a patent infringement case filed by Plaintiff Duke W. Zinser ("Plaintiff" or "Zinser") against Defendant Vivint, LLC and Vivint, Inc. ("Defendants" or "Vivint"). The factual background of this case has been previously examined in this Court's prior ruling in the underlying related case, *Zinser v. Vivint, LLC and Vivint, Inc.*, 4:25-cv-1030 (E.D. Tex.) (Dkt. #82), and is incorporated herein. This Motion was originally filed in the United States District Court for the Northern District of Texas (Case No. 3:26-mc-00074) and was subsequently transferred to this Court (Dkt. #3).

Vivint subpoenaed non-party Cole Schotz P.C. ("Cole Schotz"), counsel for Plaintiff in the underlying case (Dkt. #5 at p. 6). The subpoena seeks documents related to two theories alleged in Defendant's Amended Answer and Counterclaims: unclean hands, and inequitable conduct (Dkt. #5 at p. 7). The allegations include that Cole Schotz attorneys violated the Protective Order in *SB*

*IP Holding LLC v. Vivint, Inc.*, 4:21-cv-912 (E.D. Tex.) (the "SBIP Litigation") and that Plaintiff withheld a prior art reference during the reexamination of his patent (Dkt. #5 at p. 7).

On November 4, 2026, Non-party Cole Schotz filed the Motion moving to Quash the subpoena (Dkt. #5). On November 11, 2026, Defendants filed a Response in Opposition (Dkt. #7). On November 16, 2026, Non-party Cole Schotz replied (Dkt. #8).

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. FED. R. CIV. P. 45(d)(3)(A)(iii)–(iv).

The moving party has the burden of proof "to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004) (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (internal citations omitted)). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case.'" *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 407 (D.C. Cir. 1984)).

To determine whether compliance with a subpoena creates an undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa*, 392 F.3d at 818 (citing *Williams*, 178 F.R.D. at 109). Additionally, the

Court "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.* (citing *Williams*, 178 F.R.D. at 109). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.*; *see also* FED. R. CIV. P. 45(c)(2)(B). However, despite these considerations, "modification of a subpoena is [generally] preferable to quashing it outright." *Wiwa*, 392 F.3d at 818.

## ANALYSIS

The Court first notes that any argument regarding the appropriateness of the requested discovery considering Plaintiff's Motion to Dismiss Counts IV and VI of Defendants' Amended Counterclaims and to Strike Defendants' Ninth and Eleventh Affirmative Defenses (the "Motion to Dismiss") (Case No. 4:25-cv-1030, Dkt. #52) are now moot. The Motion to Dismiss was denied on November 20, 2026 (Case No. 4:25-cv-1030, Dkt. # 81).

### I. Privilege

Request 1 seeks "communications between Cole Schotz and Zinser regarding Vivint or the SB[IP] Litigation" (Dkt. #5 at p. 12). Request 2 seeks "all communications between [Cole Schotz and Zinser] before Zinser's engagement" (Dkt. #5 at p. 12). As discussed in the Court's November 20, 2026, Order, any discussions between Cole Schotz and Zinser regarding litigation funding of the SBIP Litigation are privileged (Case No. 4:25-cv-1030, Dkt. #82). Accordingly, the Court will grant the motion to quash to the extent Requests 1 and 2 seek discussions regarding litigation funding of the SBIP Litigation.

Cole Schotz also argues Request 2 seeks all pre-engagement discussions, such as those made in furtherance of forming an attorney-client relationship (Dkt. #4 at p. 13). Cole Schotz is correct that "[o]f critical importance to a meaningful pre-representation interview is the availability

of the attorney-client privilege from the initial salutation and greeting on." *In re Auclair*, However, any communication that occurred prior to the date that Zinser approached Cole Schotz about representing him in the ex parte reexamination or in the present suit, are simply Cole Schotz' communications with a third party. *Ackerman McQueen, Inc. v. Stinchfield*, 2020 WL 7645435, at *7 (N.D. Tex. Dec. 22, 2020). Those communications are not afforded protection under the attorney-client privilege. *See id; Rush v. Columbus Min. School Dist.*, 234 F.3d 706 (5th Cir. 2000) (unpublished) (finding the mere presence of an attorney does not insulate a meeting from discovery—the privilege protects only those communications made for the purpose of obtaining legal advice). Thus, the Court will grant Cole Schotz' request to quash Request 2 to the extent any communication between Zinser and Cole Schotz was made for the purpose of obtaining legal advice. The Court will deny Cole Schotz' request to quash Request 2 for any communications not related to litigation funding or made for the purposes of obtaining legal advice.

Cole Schotz also objects to Request 10 as seeking privileged documents (Dkt. #5 at p. 13). Request 10 seeks all documents and communications exchanged between Cole Schotz and Kirby Drake, Zinser's counsel of record in the reexamination proceedings (Dkt. #5 at p. 13). Defendant argues that not every communication—and not every document traveling between Cole Schotz and Kirby Drake—is privileged (Dkt. #7 at p. 22). "[B]oth communications within a firm and among firms representing the same client are protected by the attorney-client privilege to the extent that they are prepared from confidential information from the client." *Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 2:06 CV 272, 2008 WL 11348359, at *4 (E.D. Tex. Oct. 14, 2008). However, "preexisting factual documents do not become privileged merely because they were sent to a lawyer." *McGowan v. Southern Methodist University*, No. 3:18-CV-141-N, 2023 WL 2920848, at *3

(N.D. Tex. Apr. 11, 2023). Thus, to the extent preexisting factual documents exist, such as the prior art reference received from Jamie Siminoff (Dkt #7 at p. 23), Defendant is entitled to those documents. Therefore, the Court will not grant Cole Schotz request to quash Request 10 as privileged. Rather, Cole Schotz shall provide a privilege log of any privileged communications and otherwise product any non-privileged, responsive documents and communications between Coel Schotz and Kirby Drake related to the reexamination proceedings.

**II. Relevance**

As discussed in the Court's November 20, 2026, Order, the SBIP Litigation is relevant to this case (Case No. 4:25-cv-1030, Dkt. #82). Thus, the Court will deny Cole Schotz request to quash Requests 1 and 2 on this ground. The Court will also deny Cole Schotz request to quash Request 5 on this ground. Request 5 seeks documents regarding any Cole Schotz ethical wall regarding the underlying SBIP Litigation and the reexamination of the '161 Patent (Dkt. #5 at p. 16). The Court finds that because Request 5 is appropriately related to Defendants' unclean hands arguments, the requested documents are relevant to this case. Therefore, the Court will deny Cole Schotz' request to quash Request 5 as irrelevant.

**III. Scope of Requests**

Cole Schotz objects to the scope of nearly all of Defendants Requests. The Court will first discuss each side's position. Cole Schotz argues Requests 1 and 2 are overbroad and impose an undue burden on Cole Schotz because they reach back nearly 15 years (Dkt. #5 at p. 15). Defendant responds that "[Cole Schotz] does not claim to have communications with Plaintiff going back that far, and the requests themselves seek specific categories of non-privileged documents that will be straightforward to locate" (Dkt. #7 at p. 19). Next, Cole Schotz argues Requests 3-4 and 8-9 are overbroad because they are framed in terms of "access" to certain documents or source code (Dkt.

#5 at p. 16). Cole Schotz argues these requests would sweep in a large number of people (Dkt. #5 at p. 16). Defendant argues that Requests 3–4 and 9 are appropriately limited to "attorneys and patent agents," and the Addendum to the Protective Order required Cole Schotz to "maintain a log identifying each person who reviews the printouts" (Dkt. #7 at p. 20). Finally, Cole Schotz argues Request 10 is similarly overbroad because it seeks all communications and documents exchanged between any Cole Schotz attorney or patent agent and Ms. Drake relating to the reexamination from January 1, 2012 to the present (Dkt. #5 at p. 15). Defendant argues that this request is narrowly tailored and necessary for Defendants to track the flow of prior art documents relevant to the inequitable conduct defense (Dkt. #7 at p. 23).

The party moving to quash "has the burden of showing that compliance with the subpoenas would be unreasonable and oppressive." *Sullivan v. Schlumberger Ltd.*, No. 4:20-CV-662, 2021 WL 858384, at *2 (E.D. Tex. Mar. 8, 2021) (citation modified). "In order to satisfy its burden, a party objecting to discovery must make a specific, detailed showing of how a request is burdensome or overbroad." *United My Funds, LLC v. Perera*, 2020 WL 1225042, at *6 (E.D. Tex. Mar. 12, 2020) (citation modified). "The party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Id.* (citing *United States v. Davita, Inc.*, 2011 WL 13077087, at *1 (E.D. Tex. Nov. 28, 2011)). The Court agrees with Defendant that Cole Schotz has not satisfied the burden of showing that compliance with any of the subpoena requests would be unreasonable and oppressive. Accordingly, the Cout will not grant Cole Schotz' motion to quash the subpoena as to Requests 1–4 and 8–10 as overbroad and imposing an undue burden.

## IV. Documents available from Zinser

Cole Schotz argues Requests 1 and 2, which seek all communications between Cole Schotz and Zinser, seek documents within the possession of a party (Zinser) (Dkt. #5 at p. 17). Cole Schotz contends that to the extent Zinser is in possession of these documents, Defendant should be required to seek discovery of these documents from Zinser himself (Dkt. #5 at p. 17). The Court agrees. "Courts have held that where the sought-after documents are within the possession, custody, or control of a party, it is not appropriate to employ Rule 45 to secure such documents from a non-party who may also be in possession of the documents or copies." *El Paso Disposal, LP v. Ecube Labs Co.*, No. EP-24-CV-97-KC, 2024 WL 5711797, at *4 (W.D. Tex. Aug. 30, 2024) (citation modified). Thus, the Court will grant Cole Schotz' Motion as to Requests 1 and 2 on the ground that Zinser is in possession of these same documents.

Cole Schotz seeks to extend this argument to Request 8 (access to a document Zinser produced in the Litigation) and Request 10 (communications between Cole Schotz and Zinser's counsel, Kirby Drake) (Dkt. #5 at p. 17). However, it is less likely that Zinser is in possession of these documents. It is possible, and likely, that to the extent these documents exist, Cole Schotz is in sole possession of documents responsive to these requests. Therefore, the Court will deny Cole Schotz' Motion as to Requests 8 and 10 on the ground that Zinser is in possession of the requested documents.

## V. E-Discovery

Finally, Cole Schotz argues that Vivint has "request[ed] a vast array of electronic communications from Cole Schotz that it would not be able to obtain from Zinser" (Dkt. #5 at p. 18). Cole Schotz points out that the E-Discovery Order in the case "requires the parties work to identify email custodians and limits the number of custodians to eight and search terms to ten" as

well as "eliminates mobile devices (including voicemails) from discovery, absent good cause" (Dkt. #5 at p. 18).

Defendant points out the while certain requests may implicate emails, not all of the requests do (Dkt #7 at p. 23). Thus, the Court will only address this argument as to the extent the discovery of emails is implicated by a request. Defendant also argues that rather than prohibiting requests for email discovery by subpoena, the E-Discovery Order in this case (Dkt. #19) ensures that email discovery is focused on specific issues in this case (Dkt. #7 at p. 24). Defendant argues its requests include clearly identified participants, subject matter, and time frames (Dkt. #7 at p. 24). The Court's E-Discovery Order specifies that "to obtain e-mail, parties must propound specific e-mail production requests" (Dkt. #19 at p. 3). Such e-mail production requests "shall identify the custodian, search terms, and time frame" and "[t]he parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame." (Dkt. #19 at p. 4). The Court finds that Cole Schotz has not met its burden to quash the requests on this basis. To the extent the parties continue to be concerned about custodians, search terms, or format to meet the Court's E-Discovery Order, the parties shall meet and confer on these issues before raising them with the Court.

## CONCLUSION

It is therefore **ORDERED** that Non-Party Cole Schotz P.C.'s Motion to Quash Non-Party Subpoena (Dkt. #5) is hereby **DENIED in part and GRANTED in part.**

It is further **ORDERED** that Request 1 is hereby **QUASHED** to the extent it seeks communications regarding litigation funding of the SBIP Litigation and because Zinser, a party to the underlying litigation, is in possession of the requested documents.

It is further **ORDERED** that Request 1 is hereby **QUASHED** to the extent it seeks communications regarding litigation funding of the SBIP Litigation or communications made for the purpose of obtaining legal advice and because Zinser, a party to the underlying litigation, is in possession of the requested documents.

It is further **ORDERED** that all other requested relief is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 20th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE